UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP GIANFORTUNA,

        Petitioner,                      Case Number 2:13-cv-12105
                                                  Honorable George Caram Steeh

v.

WARDEN,

        Respondent.
_____/

OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [Dkt. 4]

     Petitioner, Philip Gianfortuna, a federal prisoner, filed this case under 28 U.S.C. § 2241. On May 23, 2013, the Court summarily denied the petition. Petitioner has filed a motion for reconsideration. He argues that he has already been denied relief under 28 U.S.C. § 2255, and therefore the Court erred in finding that his claims can only properly be brought under that section.

     Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

     28 U.S.C. § 2241 is not an additional, alternative, or supplemental remedy to the

motion to vacate, set aside, or correct the sentence under §2255. *Robinson v. Hemingway*, 175 F. Supp. 2d 915, 916 (E.D. Mich. 2001). The mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet the burden fo showing that a petitioner's remedy under § 2255 is ineffective. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent Petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief under 28 U.S.C. § 2241. *Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the AEDPA's one year statute of limitations to expire. *Charles*, 180 F. 3d at 758.

Accordingly, Petitioner's motion for rehearing is therefore **DENIED.**
So ordered.

Dated: October 4, 2013

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 4, 2013, by electronic and/or ordinary mail and also on Phillip Gianfortuna #26367-039 Milan Federal Correctional Institution, Inmate Mail/Parcels, P. O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk